UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CURTIS SMITH,
    Plaintiff,

v.      Case No. 07-2216

UNITED STATES DEPARTMENT
OF JUSTICE, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court is the United States Marshal Service's unopposed summary judgment motion [37].

Standard

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

    Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy,

speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## Background

The plaintiff, Curtis Smith filed a Complaint against the "United States Marshall Service," and against certain county defendants. Smith alleged that United States Marshals were responsible for claims that arose in a county jail. Smith seeks

## Undisputed Material Facts

1. The plaintiff, Smith filed his complaint on October 12, 2007.
2. Smith served the United States Marshals Service, but not the Attorney General or the United States Attorney's Office, according to the court's docket.
2. Smith did not present an administrative claim to the United States Marshals Service, arising out of the incident described in the complaint. (Gov. Ex. A, attached [37])
3. During the April 14, 2009 Rule 16 conference, the plaintiff advised the court that he does not intend to oppose the United States Marshal Service's summary judgment motion.

## Discussion and Conclusion

Service of process on the agencies of the United States, such as the United States Marshals Service, requires service on the agency and the Attorney General and the United States Attorney's Office. Fed.R.Civ.P. 4(I). An agency of the United States cannot be sued in individual capacity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994) ("Meyer...asks us to expand the category of defendant against whom Bivens-type actions may be brought to include not only federal agents, but federal agencies as well....We disagree"). The United States can be sued in official capacity, if there is compliance with a waiver of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). For a tort claim, the waiver is 28 U.S.C. § 1346(b)(l), part of the Federal Tort Claims Act. As this waiver states, it is "[s]ubject to the provisions of chapter 171 of this title," i.e., 28 U.S.C. §§ 2671-2680. The defendant should be the United States, not the agency. 28 U.S.C. § 2679(a). And there must be presentation of an administrative claim to the agency and exhaustion of that administrative remedy, before litigation. 28 U.S.C. § 2675(a); United States v. Kanar, 118 F.3d 527, 528 (7th Cir. 1997)("No one may file suit under the Federal Tort Claims Act without first making an administrative claim").

Since plaintiff Smith failed to serve process on the Attorney General or the United States Attorney's Office, this complaint must be dismissed without prejudice in the event that service is not completed within 120 days of filing the Complaint. Fed.R.Civ.P. 4(m); Fed.R.Civ.P. 12(b)(5). Further, since plaintiff Smith cannot present a claim against a federal agency such as the United States Marshals Service in individual capacity, this portion of the claim must be dismissed with prejudice. *F.D.I.C. v. Meyer*, supra. Since plaintiff Smith failed to present an administrative claim and exhaust the administrative remedy before litigation, this

portion of the claim against the United States or its agency in official capacity must be dismissed, without prejudice. *United States v. Kanar*, supra.

It is therefore ordered:

1. Pursuant to Fed. R. Civ. P. Rule 56, the United States Marshal's summary judgment motion [37] is granted as to the plaintiff's claim against the United States Marshal Service in its individual capacity. The clerk of the court is directed to enter judgment in favor of the United States Marshal Service as to its individual capacity and against the plaintiff pursuant to Fed. R. Civ. P. 56. Based on the reasons discussed, supra, the plaintiff's claim against the United States Marshal Service in its official capacity is dismissed, without prejudice.

Enter this 22nd day of May 2009.

/s/ Michael P. McCuskey
_____
Michael P. McCuskey
Chief United States District Judge